**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MARK A. BUTLER                                                                                                   PLAINTIFF

v.                                            3:14CV00030-JLH-JJV

CHASITY JACKSON; *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Plaintiff Mark Butler, an inmate incarcerated at the Craighead County Detention Facility (Jail), filed this action *pro se* pursuant to 42 U.S.C. §1983. (Doc. No. 1.) His Second Amended Complaint alleges Defendants failed to provide adequate medical care and failed to order his blood pressure medication. (Doc. No. 13 at 4-6.)[1]

Now before the Court is Defendants' Motion for Summary Judgment (Doc. No. 57), to which Plaintiff has not filed a Response.[2] After careful review of the Motion, for the following reasons, the Court concludes it should be GRANTED.

## II. SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The

---

[1] Plaintiff also indicates in the Complaint that he was serving a sentence as a result of a judgment of conviction. (Doc. No. 13 at 3.)

[2] On December 3, 2014, this Court provided Plaintiff the opportunity to respond to Defendants' Motion within twenty-one days of the date of the Order. (Doc. No. 60.) The Court also notified Plaintiff that if he failed to respond, all the facts in Defendants' summary judgment pleadings would be deemed admitted by him, pursuant to Local Rule 56.1(c), or his lawsuit would be dismissed without prejudice pursuant to Local Rule 5.5(c)(2). (*Id.* at 2.)

2

moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County*, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### III.     ANALYSIS

To support a constitutional claim for inadequate medical care and treatment, Plaintiff must allege and prove that defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Defendants state that Plaintiff cannot show they denied him medical care and treatment, or failed to provide him with necessary medications.

According to his medical records, Plaintiff was treated at St. Bernard's Medical Center in Jonesboro, Arkansas, from August 8 to 16, 2013, pursuant to complaints of passing out and low heart rate.  (Doc. No. 57-1.)  Plaintiff underwent several tests that revealed he did not suffer a heart attack or cardiac event, but he did need a pacemaker.  (*Id*.; Doc. No. 57-2.)  On August 15, 2013, doctors implanted a pacemaker, and during a September 3, 2013, follow-up appointment, they prescribed blood pressure medication.  (Doc. Nos. 57-3, 57-4.)  The treating physician also noted Plaintiff was being treated for left arm numbness caused by a pinched nerve.  (Doc. No. 57-4.)

Plaintiff was booked into the Jail on January 17, 2014, and during his intake assessment, he

3

informed Defendant Reece about his prescribed medications. (Doc. No. 57-5 at 2, 47.) Defendant Jackson contacted Plaintiff's pharmacy and learned that he had not had his prescriptions filled since November 2013. (Doc. No. 57-6.) She then contacted his physician, notified him of his vital signs and of Plaintiff's failure to take his medications since November. (*Id*.)  The physician issued no medication orders at that time. (*Id*., Doc. No. 57-5 at 47.)

Plaintiff again underwent an initial intake assessment at the Jail on February 19, 2014, and Defendant Jackson took his vitals, noting no medications at that time for blood pressure. (Doc. No. 57-5 at 48; Doc. No. 57-6 at 21.)[3]  Based on her assessment, the physician again did not prescribe medications at that time. (Doc. No. 57-5 at 48.)  On March 10, 2014, Plaintiff received another initial intake assessment, and this time was approved for medications. (*Id*. at 49.)  Plaintiff continued to receive those medications from March 2014 to the present. (*Id*. at 50-55.)  His medical records also reflect that he has been treated on numerous occasions in 2014 pursuant to complaints of tooth pain, headaches, and sinus problems. (Doc. No. 57-5 at 9-25, 32-39.)  And he was treated for complaints of chest pain on September 2, 2014 (*Id*. at 28).

Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a]

---

[3]Defendants note that Plaintiff was not continuously an inmate at the Jail from January 2014 to the present, as he was released on several occasions. (*See* Doc. No. 57-5 at 4.)

4

showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Plaintiff provides no evidence that Defendants were deliberately indifferent in failing to provide him blood pressure medication or in failing to adequately treat his medical needs. He provides no evidence that they disregarded his medical needs, and no verifying medical evidence that he suffered a physical injury as a result of any alleged failure to treat him. *See Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). He also provides no evidence to counter Defendant Jackson's statement that nurses are not authorized to prescribe medications nor order that an inmate receive medications previously prescribed to him outside of the Jail. (Doc. No. 57-6.)

Plaintiff did, in fact, receive medical care. And the undisputed evidence before the Court reveals nothing more than a disagreement with treatment. But such a disagreement does not rise to the level of a constitutional claim. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment."

*Dulany, supra,* 132 F.3d at 1240.  Therefore, Defendants' Motion for Summary Judgment should be GRANTED.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Summary Judgment Motion (Doc. No. 57) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 8th day of January, 2015.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```